IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :

        Respondent,          :     Case No. 96-Cr.-45 PLF

v.                                 :

RICO MCLAUGHLIN,                   :     WITH A REQUEST FOR AN
                                         EVIDENTIARY HEARING
        Pro se-Movant.       :

Motion For Modification of an Imposed Term of
Imprisonment Due to a Sentencing Range That Has
Subsequently Been Lowered by The Sentencing Com-
mission Pursuant to 28 U.S.C. § 994(o)

To:   The Honorable Judge Paul L. Friedman, U.S. District Judge:

I.                    **Introduction**

**And Now Comes**, Rico McLaughlin, Pro se-Movant in the above-captioned matter, hereinafter, "Movant," seeking modification of his sentence based upon Amendment 591, United States Sentencing Guidelines ("U.S.S.G."), effective November 1, 2000, which implements the Congressional command 18 U.S.C. § 3585(c)(2).

II,                   **Jurisdiction**

1.   Amendment 591, U.S.S.G., is listed in U.S.S.G. § 1B1.10's Reduction in Term of Imprisonment as a result of Amended Guideline Range (Policy Statement).  Subsection 1B1.1 and 1B1.2 are part of Amendment 591's revision in which Movant's term of imprisonment requires modification.

RECEIVED
DEC 4 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

III.                **Pertinent Facts and Procedures**

1. On January 21, 1997, the U.S. Probation Department with partiality prepared Movant's Presentence Report, i.e., when it bypassed the procedure in accordance with U.S.S.G. § 1B1.2(b)'s "Relevant Conduct." Counts Two-Six was "relevant conduct," U.S.S.G. 1B1.3, to Count One and required the sentencing procedures of U.S.S.G. §§ 5G1.2's **"Sentencing on Multiple Counts of Conviction"** And **"Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment."**

2. By the U.S. Probation Department ("P.D.") bypassing U.S.S.G. 1B1.2(b)'s procedure, this Court imposed consecutive sentences to Count One's total term of imprisonment in a manner contrary to the Commission's intent under U.S.S.G. §§ 5G1.2 and 5G1.3.

3. On January 28, 1997, this Court in a manner contrary to the correct procedure of U.S.S.G. § 1B1.2(b); followed the miscalcutions of the P.D., the Government (to some extent) and over Movant's counsel's objection (fashioned as a plea of mercy) rather than the legal basis of the U.S.S.G. § 1B1.3's Relevant Conduct application of Counts Two-Six to Count One. See Sentencing Transcripts, January 28, 1997, page 37, imposition of sentence: "[Y]ou are committed to the custody of the Bureau of Prisons to be imprisoned as follows, for a term of 87 months on Count One, for the mandatory term of 60 months on Count Two to run consecutive to Count One, for a term of five to 15 years on Count Three and five to 15 years on Count Four. Those sentences to run consecutive to Count One and Count Two. And on Count Five the manda-

tory minimum is five years. And I sentence you to a term of five to 15 years on Count Five. And on Count Six, carrying a pistol without a licence after previously been convicted of carrying a pistol without a licence, I sentence you to ten years. Counts Five and Six to run concurrent with each other and consecutive to all of the previous counts."

4. Movant's sentence, a result of "mistaken or unjustified" miscalculation, increased the deprivation of Movant's liberty unlawfully, i.e., without due process of law. In Movant's case, the wrong implicates more than one provision of the Constitution's commands, e.g., ineffective assistance of counsel as recognized in Glover v. United States, 531 U.S. 198, 203 (2001); double jeopardy a right which "abort[s] the basic trial process" and "render[s] a trial fundamentally unfair" Arizona v. Fuliminate, 499 U.S. 279, 295 (1991), it can not be disputed that under the "same" sovereighty test Congress controls the District of Columbia and the United States of America. In addition, the Government prosecution violated the Full Faith and Credit Clause of the United States Constitution's Article IV. That is, when if failed to honor the judicial proceeding of the Superior Court of the District of Columbia Criminal Division's results of June 2, 1995, See Exhibits 1-2, excerpts of June 2, 1995, Case No. F-4118-Cr.-95, pages 53-54.

5. The Supreme Court in Stinson v. United States, 508 36 (1993), forbade the application of the U.S.S.G., if the guidelines violates the Constitution or laws of the United States. Herein, Movant asserts that at the time of sentencing, Counsel's

ineffectiveness is patently upon the face of the record, Movant was subject to double jeopardy by the same sovereignty and the Government along with the Court prosecuted Movant contrary to the Full Faith and Credit Clause of the U.S. Constitution, Article IV implemented under federal law, i.e., 28 U.S.C. § 1738 (See Exxon v. Saudi Basic Indus., 161 L.Ed2d 454, 461 (2005)(District Court lacked appellate jurisdiction to reverse or modify state-court judgment).

   6. For all of the above reasons including those in which an evidentiary hearing would reveal. This Court should exercise its discretion and grant Movant an evidentiary hearing to determine the proper sentence Movant should have received or is now entitled too!

   Wherefore, your Movant respectfully requests that this Court issue an order granting in full the relief requested, and any further relief which as to this Court may appear just and equitable together with the reservation of rights to this Movant to bring; [within a reasonable time] further and continued forms of relief as may be necessitated by the Government's response hereto, as well as from Movant's continuing investigation and, an order granting to the Movant any and all relief which should be based upon Amendment's 591's operation to 1B1.1 and 1B1.2 procedures.

IV.               **Reservation Of Rights**

   The Movant respectfully reserves the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein.

The specific requests contained in this motion is not meant to limit or proclude future requests by the Movant for further relief from this Court as appropriate.

In addition to the above, the Movant respectfully requests such other and further relief deemed proper and necessary by this Court.

Dated: November 29, 2006

Respectfully submitted,

*Rico McLaughlin*
Mr. Rico McLaughlin, Pro se.
Reg. No. 25326-016
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000

I certify that on November 29, 2006 (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addresses listed below:

>Henry K. Kopel, AUSA
>VCS, U.S. Attorney's Office
>555 4th Street, N.W.
>Washington, D.C. 20001

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 11-29-06 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Rico McLaughlin_
Signature Mr. Rico McLaughlin
#25326-016
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000

Dated: 11-29-2006

```
 1  a mask on, the Court can consider the fact that this
 2  is someone known to him, someone he had seen ten or
 3  fifteen minutes before in a car by the gas station
 4  without a mask.  So he had seen him before and had
 5  spoken to him.
 6           And I think the Court can consider as well
 7  prior contact on the basketball court in terms of,
 8  "so you like to play games," you know, words to that
 9  effect.  These are some -- these are people that
10  knew each other.
11           So I think the fact that -- if it was a
12  stranger on stranger and there was a mask, I think
13  that's a completely different case.  It's not that
14  case.  I think the defendant -- the -- Mr. White was
15  able to see the shooter.
16           THE COURT:  Based on the evidence
17  presented, the Court finds there is a substantial
18  probability that the complaining witness was shot by
19  a small man on April 26th, 1995.
20           There are a number of discrepancies with
21  respect to the identification, prior inconsistent
22  statements of the complaining witness to cause this
23  Court to conclude it cannot say there is a
24  substantial probability based upon the evidence
25  presented in this case.
```

Exhibit #1                                        53

```
 1          There may be hunches, the hunches may be
 2   valid, but on the evidence presented the Court does
 3   not find probable cause that Rico McLaughlin is the
 4   person who did the shooting.
 5          Thank you, counsel.
 6          MS. ROBERTS:  Thank you, Your Honor.
 7
 8
 9                    * * * * *
10
11
12
13              (Proceedings concluded.)
14
15
16
17
18
19
20
21
22
23
24
25              Exhibit #2
```