MOTION UNDER U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): RICO MCLAUGHLIN, | | Docket or Case No.: 96-0045 |
| Place of Confinement: U.S. Penitentiary Allenwood | | Prisoner No.: 25326-016 |
| UNITED STATES OF AMERICA | Movant (Include name under which you were convicted) RICO MCLAUGHLIN, Pro se. | |

v.

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court for The District of Columbia

**FILED**

(b) Criminal docket or case number (if you know): 96-0045

**APR 1 6 2007**

2. (a) Date of the judgment of conviction (if you know): 1996

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(b) Date of sentencing: January 28, 1997

3. Length of sentence: _____ 267 Months

4. Nature of crime (all counts): Obstructing Justice by Retaliating Against a Witness, Victim or Informant, 18 USC § 1513, Count One; Using a Firearm during and in relation to a crime of Violence, 18 USC § 924(c)(1), Count Two; Assult with Intent to kill while Armed, 22 DCC 501; 3202; Count Three; Aggravated Assault While Armed; 22 DCC 504.1; 3202 Count Four; Possession of a Firearm During a Crime of Violence or Dangerous Offense, 22 DCC 3204(b), Count Five; & Carrying a Pistol Without a Licence, 22 DCC 3204(a), Count Six.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

_____

_____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9.  If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals For the District of Columbia

(b) Docket or case number (if you know): 97-3011

(c) Result: Affirmed all conviction except D.C. Code §22.504. I was vacated

(d) Date of result (if you know): December 18, 1998

(e) Citation to the case (if you know): U.S. v. McLaughlin, 164 F.3d 1 (D.C. Cir. 1998)

(f) Grounds raised: (1) Constitutional Right to Confer with Counsel; (2) Conviction under federal Statute and D.C., Violated Double Jeopardy; (3) Conviction under federal Statute and D.C. retaiation against witness and aggravated assault, Violated Double Jeopardy; (4) Federal Statute and D.C. Statute Criminalizing same Conduct violated Double Jeopardy; (5) Movant could not be Convicted of assault with intent to kill and aggrated assault while Armed under D.C. Statute consistent with Double Jeopary Clause.

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: Denied

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: Court should review this Case to Resolve Whether a District Court May Deny The Right to Counsel During Recess in The Trial Following Cross-Examination and Prior to Redirect Testimony by The Defendant.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☒

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____ N/A _____

    (2) Docket or case number (if you know): _____ N/A _____

    (3) Date of filing (if you know): _____ N/A _____

    (4) Nature of the proceeding: _____ N/A _____

    (5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☒

    (7) Result: _____ N/A _____

    (8) Date of result (if you know): _____ N/A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐  No ☐    N/A

    (2)  Second petition:   Yes ☐  No ☐    N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: ___N/A_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the facts supporting each ground.

GROUND ONE: __In light of Holmes v. South Carolina, 164 L.Ed2d 503 (2006),__
__During The Pretrial Hearing of November 4, 1996, This (Continues on page 5-A__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On November 4, 1996, prior to trial, this Court would make a favorable ruling
to the Government's request to preclude evidence of third-party culpability.
That is, in denying Movant's motion to compel discovery relating to third-
party culpability. On August 12, 1996, in a motion to compel discovery,
counsel sought discovery of five men stopped and detained by the police's
canvassing the neighborhood looking for suspects.  Although the victim or
other [eye] witness  did not view the shooter's face, the police proceeded
to conduct a show-up of these men to the eyewitness to the shooting.  As
counsel also pointed out to the Court, the police some time later also showed
a photo array of four of these five men to the victim, after he had named
Movant as his assailant.  Neither the witness nor the (Continued on page 5-A)

(b) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Trial and appellate
counsel abandoned issue.

_____

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:        N/A

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed: __N/A_____

Page 5

**GROUND ONE:** Court Interfered With Movant's Right to Present a Complete Defense When It Prohibited Counsel From Introducing Evidence Suggesting That Somebody Else Had Committed The Crime.

**SUPPORTING FACT:** complainant identified any of these [four] men as the shooter.

Noticeably, Mr. White, the complaining witness, initially stated right after he was shot that he did not know who had shot him, and gave a description of his assailant that matched that of the other eye-witness. Mr. White would later change his mind, asserting that Movant had shot him and changed his description to conform to Movant's description others had seen on Movant earlier.

Most important to this matter is that counsel submitted to the Court the fifth detained suspect's photo was never shown to Mr. White, the victim. The ruling on November 4, 1996, precluded Movant an opportunity to present a complete defense. See Attached Affidavit in Support Thereof.

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): __ N/A __

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐     N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___ N/A ___

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): __ N/A __

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____ N/A _____

_____

_____

_____

_____

GROUND TWO: Notwithstanding Ground One, Movant Was Denied an
Opportunity to Present A Complete Defense (Continued on Page 6-A)

(a). Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Prior to the instant prosecution, resulting in the judgment[s]
of Movant's convictions. Movant was charged in the Superior
Court for the District of Columbia for the same charges growing
out of the same incident. Which were dismissed because there
was no "probable cause" as to the identity of Movant being
the shooter by the evidence tendered. The government through
Investigator Deryl Johnson, assigned to the "Project Uptown"
which was a joint effort with HUD, the United States Secret

(Continues on Page 6-A)

Service, The Metropolitan Police Department, as well
as the ATF.  Investigator Johnson testified as to the
direct accounts of the victim Thomas White and the
other [eye]witness, Romeo Williams.  Honorable Judge
Paul R. Webber, III, Associate Judge, in Courtroom 216,
in his findings of fact dismissed the case on the merits
or defense of mistaken identity.  See Exhibits #1-2,
Excerpts of Criminal Action Number: F-4118-95, June 2nd,
1995, Superior Court of The District of Columbia Criminal
Division, United States of America, versus Rico McLaughlin,
before the Honorable Judge Paul R.Webber, III: "There
may be hunches, the hunches may be valid, but on the
evidence presented the Court does not find probable
cause that Rico McLaughlin is the person who did the
shooting."

The Government would not challenge Judge Webber's
Order, which became final with the time to appeal to
the District of Columbia Court of Appeals expiring.

Instead of appealing the Superior Court's June
2nd, 1995 Order, the Government would maliciously seek
an indictment in the United States District Court for
the District of Columbia, i.e., having no probable
cause to arrest Movant as the shooter of the victim,
Thomas White.  Movant believes it was unknown to the
Grand Jury that the Superior Court had found that there
was no "probable cause" that Movant was the shooter
of Thomas White."

On April 24, 1996, at the detention hearing coun-
sel alerted the Court, i.e., Honorable Alan Kay, United
States Magistrate Jude ("U.S.M.J."), of the Superior
Court's judicial determination which found there was
no probable cause as to the identity to arrest Movant.
However, counsel failed to assert the legally recognize
privileges deriving from the Constitution, Federal Law
and recognized estoppels of judicial doctrines barring
further prosecution or issues between the same parties.
See Transcripts of the April 24, 1996.Hearing.

In addition, on November 4, 1996, trial counsel
during the pretrial hearing on motions would abandon
Movant's Fourth Amendment Right to be Free from Arrest
Absent Probable Cause Adjudged by the Superior Court
for the District of Columbia on June 2, 1995.  The
Superior Court's Judgment was under the protection of

Page 6-A

Article IV of the United States Constitution's
Full Faith and Credit Clause, expressed through
Federal Law under 28 U.S.C. § 1738, enforceable
through the United States Constitution's Due
Process Clause.

During the pretrial stages, counsel failed to
invoke the Fourth Amendment Privilege and submit as
an offer of proof the judicial decision of the Sup-
erior Court for the District of Columbia, as required
by 28 U.S.C. § 1738 to protect the sanctity of
Movant's Civil Liberties (of his "actual innocence"
previously established in the Superior Court of the
District of Columbia).

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐   No ☐   N/A

    (2) If you did not raise this issue in your direct appeal, explain why: _____N/A_____

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐   No ☐   N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____N/A_____

    Name and location of the court where the motion or petition was filed: _____N/A_____

_____

    Docket or case number (if you know): _____N/A_____

    Date of the court's decision: _____N/A_____

    Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ☐   No ☐   N/A

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ☐   No ☐   N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐   No ☐   N/A

    (6) If your answer to Question (c)(4) is "Yes," state:     N/A

    Name and location of the court where the appeal was filed: _____N/A_____

_____

    Docket or case number (if you know): _____N/A_____

    Date of the court's decision: _____N/A_____

    Result (attach a copy of the court's opinion or order, if available): _____N/A_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: _Notwithstanding Grounds One and Two, Movant was_
_Denied His Sixth Amendment Right to Present A (Continues on Page 8-A)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On November 4, 1996, during pretrial hearing on motions, trial
counsel would move the Court that no reference be made to a
letter circulating in the Le Droit Park area during the course
of testimony. See Trial Transcripts at page 24-15, November 4,
1996. However, over counsel's objection and upon the Government's
request the Court would allow part or the essence of the letter
to come in. See Trial Transcripts pages 30-31, November 4, 1996.
   Subsequently, absent a continuing objection from counsel during
the trial, the Government would call its witness Jackie Lee and
elicit from her "who" the letter came from: Continues on page 8-A)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_ _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If your answer to Question (c)(1) is "Yes," state:    N/A

Type of motion or petition: ___N/A_____

Name and location of the court where the motion or petition was filed: __N/A_____

_____

Docket or case number (if you know): _N/A_____

Date of the court's decision: _____N/A_____

Q. Can you describe what the envelope looked like and what it said? A. It was a white envelope. It had Mr. Cool at the top for the return address and it had Jackie Lee and my address. See Trial Transcripts, page 78, November 7, 1996. See, also page 83: Q. Can you tell the jury exactly what was written where the return address was? A. Mr. Cool, 1901 D. Street, Southeast. Q. And did it have a city on it? A. Washington, D.C. Q. When you saw the term 1901 D. Street, did that mean anything? A. No. Q. Do you know what 1901 D Street is? A. Yes. Q. What is it? A. D.C. Jail.

Although counsel was able to cross-examine Jackie Lee, counsel was never able to confront "Mr. Cool" in court before the jury by cross-examining "Mr. Cool" as the author of the letter and try to expose its authenticity.

A recent Supreme Court decision has recognized the right to confrontation is the procedure for determining the reliability of testimony in criminal trials. The ruling used to make reference to the letter circulating in the Le Droit Park area. This ruling was also exploited by the Government to violate Movant's Confrontation Right to confront "Mr. Cool." Such violated Movant's Right to Present a Complete Defense via the Confrontation Clause. See Attached Affidavit in Support Thereof.

Result (attach a copy of the court's opinion or order, if available): ____N/A____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

　Yes ☐　No ☐　N/A

(4) Did you appeal from the denial of your motion, petition, or application?

　Yes ☐　No ☐　　N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　Yes ☐　No ☐　N/A

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: ____N/A____

_____

Docket or case number (if you know): ____N/A____

Date of the court's decision: ____N/A____

Result (attach a copy of the court's opinion or order, if available): ____N/A____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ____N/A____

_____

_____

_____

_____

GROUND FOUR: During the Preliminary Stages of Trial Counsel Failed to Adequately Contest the Piece-Meal (Continues on Page 9-

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Government initially brought charges in the Superior Court for the District of Columbia, alleging Movant had assaulted Thomas White for cooperation with the Government's Task-Force, Project Uptown." To support probable cause to arrest Movant, the Government presented the testimony of the victim; Thomas White, and [eye] witness Romeo Williams, i.e., through Investigator Deryl Johnson, of "Project Uptown." "Project Uptown," a joint-task-force authorized by Congress under federal laws,

(Continues on Page 9-A)

**GROUND FOUR:** Prosecution and/or Abuse of Process Anticipated by Rule 8(a), Federal Rules of Criminal procedure ("Fed.R.Cr.P."). The Government Had Failed to Bring All Charges Known to The Government in its Initial Charging Instruments Which Consequently Subjected Movant to Jeopardy Twice by The Same Sovereignty, The United States.

**Supporting Facts:** 4 USC § 112, 21 USC §§ 873 and 878 Compacts between States for cooperation in prevention of crime, consent of Congress; Cooperative Arrangements; and Power of enforcement personnel, respectively.

Hence, since "Uptown Project" was operating under federal law, pursuant to Rule 8(a), Fed.R.Crim. P., the Government was required to bring all charges known to it at one time. Particularly, under the District of Columbia Code 1981, 11 § -502(e)'s procedure, the Government failed to initially bring all the charges against Movant known by them at the time of filing the Complaint in the Superior Court for the District of Columbia.

As such, the judicial decision rendered in the Complaint prosecuted in the Supreior Court, was upon the merits/defense; which affirmatively represented there was no probable cause as to the "identification" that Movant was the assailant of Thomas White. This judicial determination should have carried the day in the later federal prosecution as to Movant's "actual innocence."' Even though the Government had probable cause that a crime had been committed. The fact that the Government had no probable cause that Movant was the assailant. Counsel should have "strenuously" objected by invokng Movant's Fourth Amendment Privilege though Rule 12, Fed.R.Crim.P.

Moreover, in presenting the federal case to the federal grand jury, the Government presented no new evidence and/or facts to establish probable cause of the identification of Movant which was previously determined in Movant's favor of being "actually innocent." See Exhibits 1-2 and Attached Supporting Affidavit.

(b) Direct Appeal of Ground Four:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☐  N/A

   (2) If you did not raise this issue in your direct appeal, explain why: ___N/A___

_____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐  No ☐     N/A

   (2) If your answer to Question (c)(1) is "Yes," state:    N/A

   Type of motion or petition: ___N/A_____

   Name and location of the court where the motion or petition was filed: ___N/A_____

_____

   Docket or case number (if you know): ___N/A_____

   Date of the court's decision: ___N/A_____

   Result (attach a copy of the court's opinion or order, if available): ___N/A_____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐  No ☐    N/A

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐  No ☐    N/A

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐  No ☐     N/A

   (6) If your answer to Question (c)(4) is "Yes," state:   N/A

   Name and location of the court where the appeal was filed: ___N/A_____

_____

   Docket or case number (if you know): ___N/A_____

   Date of the court's decision: ___N/A_____

   Result (attach a copy of the court's opinion or order, if available): ___N/A_____

_____

**(7)** If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FIVE:** Due to Counsel's Pretrial Ineffectiveness to Compel The Government to Abort Its Case Against Movant by Invoking Available Constitutional and Legal Defenses Movant was a Victim of a Fundamental Miscarriage of justice resulting in a fundamental unjust incarceration.

**SUPPORTING Facts:** Under the "adversary process" embodied in the Federal Rules of Criminal Procedure ("Fed.R.Crim.P.") and Federal Rules of Evidence ("Fed.R.Evid."). Counsel failed to invoke Rule 12(b)(2) or (3) Fed. R.Crim.P., along with Rule 104(a), Fed.R.Evid., which are procedures to invoke the district court's discretion to contest the defects in the prosecution and/ or indictment. Furthermore, Rule 104(a), Fed.R.Evid., provides an opportunity to present preliminary questions to the Court relating to Constitutional privileges or legal principles as a defense.

Prior to trial, under Rule 12(b), Fed.R.Crim.P., counsel failed to assert the legally cognizable defense of collateral estoppel, to preclude the Government from enforcing the indictment returned by the grand jury. Previously, in the Superior Court, the Government had initiated prosecution against movant. The Superior Court determined that there was no probable cause that Movant was the shooter of Thomas White. See Exhibits 1-2, which establishes Movant's actual innocence of the offenses charged in what was deemed to be mistaken identity.

Prior to trial and during the pretrial hearings. Counsel failed to invoke Movant's Fourth Amendment priviledge against being arrested again as unreasonable and without probable cause. Rule 104(a), Fed.R. Evid., addressing preliminary questions of privileges that was never invoked by counsel.

Having been previously vindicated of any blame for the shooting of Thomas White. Counsel allowed the Government to enforce an incompetent indictment and go through a trial of inference upon inference. No doubt, the trial was reduced to a mere formality, counsel having failed at a critical stage to subject the Government's case to encounter and survive the crucible of meaningful adversarial testing. To Which Rule 12(b) and Rule 104(a) procedure and rule of evidence no doubt was disigned to provide.

Page 10(a)

Exhibits 1-2, demonstrates that no trial should have ever taken place had counsel insured that Movant's Constitutional Privileges and Legal Rights were in place.  Consequently, Movant is a victim of a fundamental miscarriage of justice resulting in a fundamental unjust incarceration.

(b) Direct Appeal of Ground Five :

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐  No ☐  N/A

    (2) If you did not raise this issue in your direct appeal, explain why: __N/A_____

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐  No ☐    N/A

    (2) If your answer to Question (c)(1) is "Yes," state:    N/A

Type of motion or petition: __· N/A_____

Name and location of the court where the motion or petition was filed: __N/A_____

_____

Docket or case number (if you know): __N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ☐  No ☐    N/A

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ☐  No ☐    N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐  No ☐    N/A

    (6) If your answer to Question (c)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed: __N/A_____

_____

Docket or case number (if you know): __N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A__

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __Any Grounds Raised or Not Raised was due to placing my__ __reliance upon my counsel to protect my constitutional, statutory or any__ __rights or priviledges provided by the law.__

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☒  No ☐
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. __United States District Court for the District__ __of Columbia, U.S.A. v. McLaughlin, Case No. 96-Cr.-45; 18 USC § 3582(c)(2)__ __Proceeding.__

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: __Michelle Roberts, Esq.__

    (c) At trial: __Michelle Roberts, Esq.__

    (d) At sentencing: __Michelle Roberts, Esq.__

(e) On appeal:

(f) In any post-conviction proceeding: __N/A__

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: __U.S. District Court for the District of Columbia__

(b) Give the date the other sentence was imposed: __January 28, 1997__

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☒ No ☐

**Note:**  Movant can not file a motion pursuant to D.C.C. § 23-110 under the unique situation created by D.C. Code § 502(3).  Therefore, Movant simultaneously challenges the D.C. Code offenses.

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* The Supreme Court in Holmes v. South Carolina, 164 L.Ed2d 503, 509 (2006), specifically indentified the specific trial right: "[T]he Constitution guarantees criminal defendants 'a meaninful opportunity to present a complete defense.'" As a result, Movant through the help of a fellow inmate recognized that Movant was a victim of this same unconstitutional practice. Moreover, Movant would realize from Holmes counsel's failure to raise and invoke other constitutional privileges, statutory rights and other legally recognized defenses available to Movant at critical stages, deprived Movant of his right to a meaningful opportunity to present a complete defense.

Moreover, Movant was affirmatively misled that the Government had a right to pursue a second prosecution during the detention hearing on April 24, 1996. That is, by counsel, the Government and the Court's adoption. See Transcripts of April 24, 1996, page 4-7 and Attached Affidavit in Support Thereof.

Furthermore, under District of Columbia Code § 23-110, Movant is entitled to file a motion any time under Counts Three through Six. Therefore, it would be a denial of equal rights of those equally situated to challenge the legality these convcitions and resulting judgment(s).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate the Judgment of con-victions, or, should the Governemnt dispute Movant's grounds for relief grant Movant an evidentiary hearing inter alia, to establish the facts supporting my grounds of relief

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

Rico McLaughlin, Pro se.
Reg. No. 25326-016
USP Allenwood/Box 3000
White Deer, PA. 17887-3000

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

April 2007 (month, date, year).

Executed (signed) on April   , 2007 _____ (date).

*Rico McLaughlin*

Signature of Movant
Rico McLaughlin, Pro se.

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. ___N/A_____

_____

_____

IN FORMA PAUPERIS DECLARATION

U.S. District Court, D.C./333 Constitution Ave., N.W.
Washington, D.C. 20001 [insert appropriate court]

* * * * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____th_____ day of __April_____, 20_07__, a copy

                                     [Month]                  [Year]

of the foregoing ___Motion Under 28 U.S.C. § 2255_____

                   [Name of Document]

_____

was served by (check one):

- ☐  1.  hand; or
- ☒  2.  first-class mail, postage prepaid; or
- ☒  3.  certified mail; or
- ☐  4.  other _____

on the following:    [Name(s) and complete address(es) of all parties or their counsel being served]

___Office of the Clerk_____

___U.S. District Court, D.C._____

___U.S. Courthouse_____
___333 Constitution Ave., N.W._____

___Washington, D.C. 20001_____

_____

_____

_____

Rico McLaughlin, Pro se_____

NAME Reg. No. 25326-016_____

U.S. Penitentiary Allenwood
P.O. Box 3000_____

ADDRESS White Deer, Pa. 17887-
3000_____

1   a mask on, the Court can consider the fact that this

2   is someone known to him, someone he had seen ten or

3   fifteen minutes before in a car by the gas station

4   without a mask.  So he had seen him before and had

5   spoken to him.

6        And I think the Court can consider as well

7   prior contact on the basketball court in terms of,

8   "so you like to play games," you know, words to that

9   effect.  These are some -- these are people that

10  knew each other.

11       So I think the fact that -- if it was a

12  stranger on stranger and there was a mask, I think

13  that's a completely different case.  It's not that

14  case.  I think the defendant -- the -- Mr. White was

15  able to see the shooter.

16       THE COURT:  Based on the evidence

17  presented, the Court finds there is a substantial

18  probability that the complaining witness was shot by

19  a small man on April 26th, 1995.

20       There are a number of discrepancies with

21  respect to the identification, prior inconsistent

22  statements of the complaining witness to cause this

23  Court to conclude it cannot say there is a

24  substantial probability based upon the evidence

25  presented in this case.

Exhibit #1                          53

1    There may be hunches, the hunches may be

2  valid, but on the evidence presented the Court does

3  not find probable cause that Rico McLaughlin is the

4  person who did the shooting.

5    Thank you, counsel.

6    MS. ROBERTS:  Thank you, Your Honor.

7

8

9    *  *  *  *  *

10

11

12

13    (Proceedings concluded.)

14

15

16

17

18

19

20

21

22

23

24

25    Exhibit #2

54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :

           Respondent,          :          **Criminal Case No. 96-45**

     v.          :

RICO MCLAUGHLIN,          :          **Civil Case No. _____**

       Pro se-Movant.   :

---

**Affidavit In Support of The Annexed 28 U.S.C. § 2255
Motion to Vacate, Set Aside or Correct**

---

To:   The Honorable Paul L. Friedman, U.S. District Judge:

    I, Rico McLaughlin, Pro se-Movant in the above captioned-matter, hereinafter, "Affiant," do declare by deposing under the penalty of perjury, 28 U.S.C. § 1746 and 18 U.S.C. § 1621, that the statements contained in the annexed motion under 28 U.S.C. § 2255 are true and correct to the best of knowledge and understanding.  I further state that:

    1.   I believe that I am entitled to redress due to my being actual innocence of the crimes I have been adjudge guilty and sentenced upon.  That is, due to my lawyers' ineffectiveness prior to trial during trial and at post/appellate procedures. I feel I am a victim of a fundamental miscarriage of justice.

    2.   Prior to trial, my trial counsel failed to provide Affiant with adequate legal assistance once the Government had obtained an indictment in federal court against Affiant.  I have

recently came to learn from the assistance of a fellow inmate, who in the last four months has assisted me with my case, that I had legal defenses such as collateral estoppel and judicial estoppel to prevent the Government from going forward with its prosecution. Notwithstanding my Fourth Amendment Constitutional Privilege against being arrested without probable cause.

3.    At the time of trial and still now I didn't know the complexities of the law nor of its procedures. As at trial, I placed my reliance upon counsel to protect my rights. I am at the mercy of the fellow inmate who is assisting Affiant to present these issues to the Court. All I can contribute to my cause of action is the fact that I am innocent and not the one who shot Mr. Thomas White. I have been incarcerated for eleven (11) years for crimes that I have not committed. I believe I can justly attribute this injustice to trial and appellate counsels' because the proof of my innocence (June 2, 1995's determination) was right within their reach to advocate Affiant's Constitutional as well as legal defenses. I have come to realize from the mentoring of the fellow inmate that I am a victim of a fundamental miscarriage of justice resulting in a fundamental unjust incarceration.

The record supports Affiant's assertions, on April 24, 1996, at Affiant's Detention Hearing counsel although she argues the issue of probable cause not being found by the prior judicial determination of the Superior Court. Counsel failed to argue that the Superior Court's prioir determination oñ probable cause triggered the Privileges of the U.S. Constitution's Article IV's Full Faith and Credit Clause along with the Fourth Amendment Privilege against unreasonable seizure of Movant's person.

4.    Notwithstanding the above pretrial ineffectiveness, during the trial, absent an objection from trial counsel, the Government would exploit the Court's ruling on November 4, 1996, on evidence of a letter circulating in the Le Droit Park area. Through the Government's witness, Jackie Lee, the Government would violate Affiant's Confrontation Rights, which displaced Affiant's presumption of innocence without challenge by counsel. Although the Court's ruling was to allow the essence of the contents of the letter in at trial.  The Government would elicit "who" the letter came from in questioning its witness Jackie Lee. See Trial Transcript, page 78, November 7, 1996.  Government, Jackie Lee, who would testify that the letter came from "Mr. Cool," who was in Washington, D.C.'s City Jail.  Counsel allowed this questioning to go on even though it was in violation of the Court's ruling, in fact, in violation of my right to confront or call "Mr. Cool" as a witness.

5.    I believe that I am entitled to an evidentiary hearing and this Court should grant Affiant an evidentiary hearing to elicit from my attorneys' their reasons for not asserting the obvious defenses available to Affiant during the preliminary stages, i.e., to discern mishap from malpractice.

I, Rico McLaughlin, do declare that the above are true and correct on this    th day of April 2007.  In addition, Affiant re-serves the right to further state facts pertinent and material to counsels' ineffectiveness during the course of the prosecution omitted by inadvertence, mistake on excusable neglect.

Dated:  April   , 2007                    Respectfully submitted,


                                          _Rico McLaughlin_____
                                          Rico McLaughlin, Affiant.
                                          Reg. No. 25326-016
                                          U.S. Penitentiary Allenwood
                                          P.O. Box 3000
                                          White Deer, PA 17887-3000

4.