UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 96-0045 (PLF) |
| RICO McLAUGHLIN, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on defendant Rico McLaughlin's motion [80] for modification of an imposed term of imprisonment due to a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ("Mot. to Modify"), and his motion [81] for leave to supplement that motion.[1]  The Court will grant the motion to supplement and will deny the motion for modification of the sentence.  Mr. McLaughlin was sentenced by this Court on January 28, 1997, and he then appealed.  The D.C. Circuit rejected arguments under the Sixth Amendment and the Double Jeopardy Clause, reversed one of defendant's two D.C. assault convictions, and vacated the concurrent sentence imposed for that offense.  See United States v. McLaughlin, 164 F.3d 1, 3 (D.C. Cir. 1998).  The Court resentenced the defendant on March 30, 1999.

    Defendant argues that Amendment 591 to the United States Sentencing Guidelines caused there to be a "sentencing range that has subsequently been lowered by the

---

[1]  Mr. McLaughlin has filed a separate petition under 28 U.S.C. § 2255, which will be discussed in a separate Memorandum Opinion.

Sentencing Commission pursuant to 29 U.S.C. § 994(o)" within the meaning of 18 U.S.C. § 3582(c)(2). See Mot. to Modify at 4. If that were the case, 18 U.S.C. § 3582(c)(2) provides that upon motion of the defendant or the Bureau of Prisons, the Court "*may* reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2) (emphasis provided).

The Court is not convinced, from its review of Amendment 591, that it constitutes a lowering of a sentencing range within the meaning of 18 U.S.C. § 3582(c)(2). Furthermore, even if it did, in the facts and circumstances of this case the Court would decline to use its discretion to modify defendant's sentence.[2] Accordingly, it is hereby

ORDERED that the motion [81] for leave to supplement is GRANTED; and it is

FURTHER ORDERED that the motion [80] for modification of an imposed term of imprisonment due to a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 19, 2007

---

[2] The overall circumstances of the case convinced the Court during the original sentencing in this case, and again after remand from the Court of Appeals, that an upward departure under the Sentencing Guidelines was appropriate, in part due to the relationship between the defendant and his victim and the extraordinary and violent efforts taken to silence the victim. The Court's sentence was intended to assure that the defendant will serve slightly more than 22 years in prison (less any days off for good behavior) before being considered for parole for his violations of the D.C. Code.

Copies to:

Mr. Rico McLaughlin
# 25326-016
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000


United States Attorney's Office
Special Proceedings Section
555 4th Street N.W.
Washington, D.C.  20001