UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
     v.                                 )     Criminal No. 96-0045 (PLF)
                                        )     Civil Action No. 07-0705 (PLF)
RICO McLAUGHLIN,                        )
                                        )
     Defendant.                         )
_____)


OPINION AND ORDER

This matter is before the Court on defendant's *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Defendant raises five grounds for review. Upon consideration of defendant's motion and the entire record herein, the Court will deny the motion. Defendant's motion is time-barred under 28 U.S.C § 2255. Even if evaluated on its merits, however, the motion would fail.

I.  BACKGROUND

In this case the defendant, Rico McLaughlin, was charged in a six-count indictment with: (1) knowingly causing bodily injury with the intent to retaliate for providing information to law enforcement, 18 U.S.C. § 1513(b); (2) using or carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c); (3) assault with intent to kill while armed, D.C. Code §§ 22-501 and 22-3202; (4) aggravated assault while armed, D.C. Code §§ 22-504.1 and 22-3202; (5) possession of a firearm during a crime of violence, D.C. Code § 22-3204(b); and (6) carrying a pistol without a license, D.C. Code § 22-3204(a). See United States v. McLaughlin, 164 F.3d 1, 3 (D.C. Cir. 1998), cert. denied, 526 U.S. 1079 (1999). The key witnesses at trial

were the defendant, Rico McLaughlin, who denied that he was the shooter or that he had any involvement in or knowledge of the shooting, and the victim, Thomas White, who was shot three times by his assailant while being chased down a neighborhood street.  After a seven-day trial, the jury convicted the defendant on all six counts of the indictment.  See United States v. McLaughlin, 955 F.Supp. 132, 133 (D.D.C. 1997).  This Court sentenced the defendant to:

> eighty-seven months imprisonment on count one, including an upward departure of twenty-four months; sixty months imprisonment on count two, counts one and two to be served consecutively; five to fifteen years imprisonment on count three; five to fifteen years imprisonment on count four, counts three and four to be served concurrently but consecutively to counts one and two; five to fifteen years imprisonment on count five; and forty months to ten years imprisonment on count six, counts five and six to be served concurrently, but consecutively to counts one through four.

United States v. McLaughlin, 164 F.3d at 3-4.

Defendant appealed his conviction, raising four issues: (1) that this Court's denial of his request to confer with counsel during a brief recess violated his Sixth Amendment right to counsel; (2) that his simultaneous convictions under multiple provisions which Congress did not intend to operate concurrently violated the Double Jeopardy Clause; (3) that the prosecutor made improper statements at trial which substantially prejudiced the outcome; and (4) that it was improper for this Court to make an upward departure from the Sentencing Guidelines on the Section 1513(b) charge.  See United States v. McLaughlin, 164 F.3d at 4.  The court of appeals rejected all but one of these arguments, concluding that the two assault convictions under the D.C. Code – assault with the intent to kill while armed, D.C. Code §§ 22-501 and 22-3202, and aggravated assault while armed, D.C. Code §§ 22-504.1 and 22-3202 – should merge.  See id.

at 14-17.  As a result, the court of appeals reversed defendant's conviction for aggravated assault while armed under D.C. Code § 22-504.1, vacated the concurrent sentence for that offense, and remanded the case for resentencing.  See id. at 3, 16-17.  The court of appeals issued its decision on December 18, 1998; the mandate issued on February 9, 1999; and the Supreme Court denied certiorari on April 19, 1999.  See McLaughlin v. United States, 526 U.S. 1079 (1999).

On remand, this Court sentenced the defendant to 87 months on count one; 60 months on count two, to run consecutively to count one; five to fifteen years on count three, to run consecutively to counts one and two; five to fifteen years on count five, to run concurrently with count six and consecutively to counts one, two and three; and 40 months to ten years on count six, to run concurrently with count five, but consecutively to counts one, two and three.  The conviction on count four was vacated.  See Amended Judgment, United States v. McLaughlin, Crim. No. 96-0045 at 2 (March 30, 1999).  Defendant now brings a collateral attack on his conviction pursuant to 28 U.S.C. § 2255.

II.  ANALYSIS

Defendant raises five grounds on which he asserts his sentence should be vacated, set aside or corrected.  First, defendant contends that, prior to trial, evidence of third party culpability was excluded which "interfered with [his] right to present a complete defense."  Petition at 5-5A.  Second, defendant alleges that he is being subjected to double jeopardy because he was charged in the Superior Court of the District of Columbia – and the charges were dismissed there – prior to his being indicted, tried and convicted in this Court.  See id. at 6-6B.  Third, defendant asserts that he was denied his right to confront a witness.  See id. at 8-8A.

Fourth, he reiterates his contention that he is being subjected to double jeopardy. See id. at 9-9A. Finally, defendant asserts that his counsel was ineffective pre-trial because she did not raise the double jeopardy defense. See id. at 10A-10B. Upon careful consideration, the Court will deny the motion because (a) it is time-barred under 28 U.S.C. § 2255, and (b) even if evaluated on its merits, it has no merit.

### A. Defendant's motion is time-barred under 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255, there is a one-year statue of limitations that begins to run from the later of "the date on which the judgment becomes final; . . . [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. For purposes of collateral review under Section 2255, a judgment becomes final "if a prisoner petitions for certiorari, . . . when the Supreme Court either denies the writ or issues a decision on the merits." United States. v. Hicks, 283 F.3d 380, 387 (D.C. Cir. 2002), citing Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001). Certiorari in this case was denied on April 19, 1999; see McLaughlin v. United States, 526 U.S. 1079 (1999). Defendant argues however, that the date of the decision by the Supreme Court in Holmes v. South Carolina, 126 S.Ct. 1727 (2006), decided on May 1, 2006, is the date from which the statute of limitations should run.

The Supreme Court has long recognized that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Holmes v.South Carolina, 126 S.Ct. at 1731, citing United States v. Scheffer, 523 U.S. 303, 308

(1998); Crane v. Kentucky, 476 U.S. 683, 689-90 (1986); Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983); Chambers v. Mississippi, 410 U.S. 284, 302-03 (1973); Spencer v. Texas, 385 U.S. 554, 564 (1967).  In Holmes, the Court reiterated that although "the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes v.South Carolina, 126 S.Ct. at 1732.  The Court commented, however, that a defendant's right to present a complete defense "is abridged by evidence rules that infring[e] upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." Id. at 1731 (internal quotations omitted).

The Supreme Court noted in Holmes that it had struck down several such "arbitrary" rules of evidence in the past, rules that do not focus on the probative value of the defense evidence but on the strength of the prosecution's case.  See Holmes v. South Carolina, 126 S.Ct. at 1731-32, 1734 (describing its holdings in Washington v. Texas, 368 U.S. 14 (1967) (holding unconstitutional a state statute that barred a person who had been charged as a participant in a crime from testifying in defense of another alleged participant unless the witness had been acquitted ); Chambers v. Mississippi, 410 U.S. 284 (1973) (holding unconstitutional a state's "voucher" rule that barred parties from impeaching their own witnesses); Crane v. Kentucky, 476 U.S. 683 (1986) (holding unconstitutional a rule that prevented a defendant from attempting to show at trial that his confession was unreliable because of the circumstances under

which it was obtained); Rock v. Arkansas, 483 U.S. 44 (1987) (holding unconstitutional a rule prohibiting all hypnotically refreshed testimony)).

The rule held to be unconstitutional in Holmes excluded evidence of third party guilt when there was strong forensic evidence that suggested the guilt of the defendant. See Holmes v. South Carolina, 126 S.Ct. at 1734. Specifically, the Supreme Court struck down a state's decisional law that " 'where there is strong evidence of [a defendant's] guilt, especially where there is strong forensic evidence, the proffered evidence about a third party's alleged guilt' may (or perhaps must) be excluded." Id. at 1734 (quoting Holmes v. State, 605 S.E.2d 19, 24 (S.C. 2004)) (brackets and parentheses in original). It rejected the rule because it focused on the strength of the prosecution's case, and not on the "probative value or the potential adverse effects of admitting the defense evidence of third-party guilt." Holmes v. South Carolina, 126 S.Ct. at 1734. As in its earlier cases striking down arbitrary rules of evidence, the Supreme Court in Holmes found that the rule as applied "d[id] not rationally serve the end [it was] designed to promote, *i.e.,* to focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues," id. at 1734, and thus violated a criminal defendant's right to have "a meaningful opportunity to present a complete defense." Id. at 1735.

It is apparent, then, that the Supreme Court in Holmes did not recognize a new right or make any new right retroactively applicable to collateral attacks; it simply applied established law. The date of the Holmes decision, or any decision making it retroactive, therefore, is not the date from which the statue of limitations should run. The one-year statute of limitations therefore began to run from the date on which the judgment in this case became final,

the date the Supreme Court denied certiorari in this case – April 19, 1999 – and not the date on which Holmes v. South Carolina was decided.  Since the defendant did not file this motion to vacate, set aside or correct sentence until almost eight years later, on April 18, 2007, it is time-barred.

> B.  *Defendant waived his right to assert that evidence of third party guilt was wrongly excluded from evidence because he did not raise the issue on direct appeal.*

Defendant did not raise the issue of excluded evidence of a third party's guilt on direct appeal and can demonstrate neither " 'cause' and actual 'prejudice,' [n]or that he is 'actually innocent' "; thus, the defendant's first ground for relief would fail even if his petition was not time-barred.  See United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).  In Pettigrew, the court of appeals held that where a defendant had not raised an *Apprendi* claim on direct review, the claim was barred from review on a motion to vacate brought under 28 U.S.C. § 2255 because he could not show both "'cause' excusing his double procedural default and [] 'actual prejudice' resulting from the errors of which he complains."  United States v. Pettigrew, 346 F.3d at 1144 (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)).

The defendant in this case does not attempt to show cause and actual prejudice; he does, however, assert that he is actually innocent.  See Petition at 6B, 9A, and 10A.  In Bousley v. United States, the Supreme Court indicated that "[i]t is important to note     that 'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. at 623; see also United States v. Pettigrew, 346 F.3d at 1144 n. 10.  Defendant claims to be actually innocent based on the Superior Court's dismissal of the charges against him.  See

Petition at 6B, 9A, and 10A. The dismissal by the Superior Court, however, was not a finding of factual or actual innocence. There was no trial on the merits or motion to dismiss decided on the merits in the Superior Court. Rather, it appears that, as often happens in this jurisdiction, an initial decision to file charges in the Superior Court was superseded by a prosecutorial decision to ask a federal grand jury to consider federal charges and then to dismiss the Superior Court charges. Thus, because the defendant did not raise this claim on direct review, has not demonstrated cause and prejudice, and is not factually innocent, defendant's first ground for relief under 28 U.S.C. § 2255 fails.

*C. Defendant's right to present a complete defense was not impaired when counsel did not raise a "double jeopardy" defense.*

Defendant's second and fourth grounds for relief fail because jeopardy does not attach until a jury is sworn. See Crist v. Bretz, 437 U.S. 28, 35 (1978) (citing Downum v. United States, 372 U.S. 734 (1963)). The defendant contends that "counsel failed to assert the legally recognize [sic] privileges deriving from the Constitution, Federal Law and recognized estoppels of judicial doctrines barring further prosecution or issues between the same parties." Petition at 6A. Defendant is mistaken that any claim of double jeopardy or "estoppel" would be cognizable in this case. No jury was sworn in the Superior Court; thus, no jeopardy attached. See also Part II B supra.

*D. Defendant's right to present a complete defense was not impaired when he was unable to confront "Mr. Cool."*

Since the defendant's conviction in this case, the Supreme Court has clarified the right to confront a witness. In Crawford v. Washington, 541 U.S. 36, 61 (2004), the Supreme

Court imposed an "absolute bar to statements that are testimonial absent a prior opportunity to cross-examine." The Supreme Court has also held, however, that this change in the law is not retroactive to issues raised on collateral attack. See Wharton v. Bockting, 127 S.Ct. 1173, 1181 (2007) (holding that the newly re-defined right to confrontation does not apply retroactively to collateral attacks). When the defendant was convicted, the Supreme Court's decision in Ohio v. Roberts, 448 U.S. 56 (1980), was the law. Under Ohio v. Roberts, the Confrontation Clause did not "bar admission of an unavailable witness's statement against a criminal defendant if the statement bears "adequate 'indicia of reliability.'" Crawford v. Washington, 541 U.S. at 40 (quoting Ohio v. Roberts, 448 U.S. 56, 66 (1980)). Applying the law as it existed at the time, this Court admitted part of a letter written by "Mr. Cool" in evidence at defendant's trial. That letter was explained by a government witness who was not the author of the letter. Defendant did not have the opportunity to confront "Mr. Cool." While the Court might have reached a different decision if Crawford were the law at the time of defendant's trial, the rule of Crawford is not to be applied retroactively to collateral attacks. See Wharton v. Bockting, 127 S.Ct. at 1177. Defendant's third ground for relief therefore fails.

*E. Defendant's counsel was not ineffective.*

The Sixth Amendment guarantees a defendant in a criminal case the effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced the standard that a defendant must meet to prevail on an ineffective assistance of counsel claim:

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second the
> defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction     resulted from a breakdown in
> the adversary process that renders the result unreliable.

Id. at 687. Under the first part of the test, the defendant must show that counsel fell below an objective standard of reasonableness; under the second part, he must show that the deficient performance prejudiced the defendant. See id. at 688; see also United States v. Bruce, 89 F.3d 886, 892 (D.C. Cir. 1996). The "benchmark" for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper function of the adversarial process" that there is a question of whether there was "a just result." Strickland v. Washington, 466 U.S. at 686. Defendant's allegation of the ineffectiveness of his counsel fails because he cannot meet this standard.

Defendant asserts that counsel's failure to raise a "defense of collateral estoppel, to preclude the [g]overnment from enforcing the indictment returned by the grand jury" amounted to ineffective assistance of counsel. See Petition at 10A-10B. Defendant's petition indicates that his counsel did not assert a double jeopardy defense based on defendant's having first been charged in the Superior Court of the District of Columbia, and then later charged in this court. See id. Defendant claims that the Superior Court's dismissal of the charges "establishes [his] actual innocence of the offenses charged." Id. at 10(a). As discussed above, there is no double jeopardy in this case because jeopardy does not attach until a jury is sworn, and no jury was sworn in the Superior court. See Part II C supra; Crist v. Bretz, 437 U.S. at 35 (citing

10

<u>Downum v. United States,</u> 372 U.S. 734 (1963)).  Thus, Defendant's fifth and final ground for relief, ineffective assistance of counsel, also fails.  Accordingly, it is hereby

ORDERED that defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [82] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 23, 2007

<u>Copies to</u>:

Rico McLaughlin
Prisoner No. 25326-016
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

United States Attorney's Office
Special Proceedings Section
555 4th Street N.W.
Washington, D.C. 20001