IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Respondent, | : | Crim. Action No. 96-0045(PLF) |
| v. | : | |
| RICO MC LAUGHLIN, | : | Civil Action No. 07-0705(PLF) |
| Pro se-Movant. | : | |

**FILED**

AUG  6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Motion To Make Additional Findings of Fact And Thereafter
Modify or Alter This Court's July 23, 2007's Opinion And
Order**

To:   The Honorable Paul L. Friedman, United States District
      Judge:

I.                          **Introduction**

Pro se-Movant, Rico Mc Laughlin, hereinafter, "Movant," seeks redress of this Court's July 23, 2007's Opinion and Order ("Op. & Or."), which denied Movant "procedural due process" established by the Rules Governing Section 2255, which incorporates the Federal Rules of Civil Procedure ("Fed.R.Civ.P." [1]).  In addition, the practice established by the Supreme Court upon a sua sponte ruling. [2] Movant assigns error to the errant conclusions

---

[1]   See Day v. Mc Donough, 164 L.Ed2d 376, at 381 (2006)("Federal Rules of Civil Procedure ... (made applicable to federal habeas (28 USC § 2255) proceedings by Rule 1[2] of the Rules governing such proceedings").

[2]   See Arizona v. California, 530 U.S. 392, 412-413 (2000)(cautioning that sua (sponte consideration of statute of limitation affirmative defense defenses should be allowed sparingly).

of law this Court has rendered depriving Movant of "notice" and an opportunity to be heard therefrom.

II.                    <u>Assignment of Errors</u>

**A.  Defendant's motion is time-barred under 28 USC § 2255.**

1. Movant assigns error to this Court's sua sponte ruling on July 23, 2007, dismissing his 28 U.S.C. § 2255 motion. That is, contrary to the recent decision of the Supreme Court in <u>Day v. Mc Donough</u>, <u>supra at</u> 388: "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their position." Id. at 388.

Had Movant been given notice and an opportunity to be heard by the Court. Movant's position was twofold, arguably (1) there was no statute of limitation to bring a collateral attack contesting the District of Columbia charges; (2) Until <u>Holmes v. South Carolina</u>, 126 S.Ct. 1727 (2006), decided on May 1, 2006, which gave "judicial notice" by illumination of the reach a criminal defendant's right to "a meaningful opportunity to present a complete defense," this right was inherently unknowable until <u>Holmes</u> was decided. See <u>Neely v. United States,</u> 546, F.2d 1059, 1069 (3rd Cir. 1976)("Accordingly, we hold that rights accruing under <u>Marchetti</u> and <u>Grosso</u> were inherently unknowable prior to January 29, 1968, when those cases were decided. The statute of limitation on such claims was, therefore, suspended and did not begin to run until that date.")

The Supreme Court in <u>Medellin v. Dretke</u>, 544 U.S. 660, 665 (2005) encountered a similar sitution concerning the "Vienna Convention did not create individual, judicially enforceable rights."

2.

That is, not until the Avena judgment and the President's memorandum. Id. at 666. See also, Johnson v. United States, 544 U.S. 295, at 310 (2005)(Discussing the fact and due diligence.). Movant would argued he acted with diligence within one year of the judicially enforceable right under Holmes.

    B.    **Defendant [did not] waive [ ] his Right to assert that evidence of third party guilt was wrongly excluded from evidence because he did not raise the issue on direct appeal.**

    2.    Movant assigns error to this Court's overlooking question #13 of Movant's Application, at page 12, which reads in reponse to the "cause" and Prejudice" question:

> "Any Grounds Raised or Not Raised was due to placing my reliance upon my counsel to protect my constitutional, statutory or any rights or priviledges provided by the law."

Question #13, of the Application refutes the Court's assessment of the cause and prejudice analysis when the Court stated:

> The defendant in this case does not attempt to show cause and actual prejudice; he does, however, assert that he is actually innocent. See Petition at 6B, 9A, and 10A."

Had the Court not ruled sua sponte or given Movant "notice" and an opportunity to be heard; Movant would have argued to the Court that question #13 addressed the cause and prejudice issue; which was supported by Dretke v. Haley, 158 L.Ed2d 659, at 669 (2004), which held:

> "[H]old that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged,

>       must first address all nondefaulted
>       claims for comparable relief and other
>       grounds for cause to excuse the pro-
>       cedural default." Id. at 669.

In addition, the Dretke Court also held:

>       "Our confidence was bolstered by the
>       availability of ineffective assistance
>       of counsel claims—either as a ground
>       for cause or as a freestanding claim
>       for relief—to safeguard against mis-
>       carriage of justice." Id. at 629.

Furthermore, had the Court given Movant "notice" and "opportunity be be heard," Movant who have presented to the Court an exception to being prosecuted in the federal court, i.e., because the Superior Court's dismissal was predicated upon the "identity" of Movant, which was an "element" of the offense. Due to the time constraint of responding to the Court's order, however, Movant reserves the right to supplement authority to the point later. Important, exhibits 1-2, submitted refutes this Court's assesment when it stated:

>       "The dismissal by the Superior Court,
>       however, was not a finding of factual
>       or actual innocence."

Exhibits 1-2, defies as well as refutes the Court's assesment and constitutes error in applying the governing law to the facts.

    C.    Defendant's right to present a complete defense was [ ] impaired when counsesl did not raise a[n] [affirmative] "double jeopardy" defense.

3.    Movant assigns error to this Court's analysis of this issue where a double jeopardy claim is an affirmative defense that have to be plead prior to trial or waived. This was recognized in the Supreme Court's decision of Arizona v. Filminante, 499

4.

U.S. 279, at 295 (1991):

> The search for truth is indeed central to our system of justice, but 'certain constitutional rights are not, and should not be, subject to harmless-less-error analysis because those rights protect important values that are unrelated to the truth-seeking function of the trial." Id. at 295.

The right not to be subject to "double jeopardy" twice for the same offense twice is "among those rights ... [which] 'abort[s] the basic trial process' and 'render[s] a trial fundamentally unfair.'" Id. at 295. Counsel failed to raise an affirmative defense of "double jeopardy," which deprived Movant of a "complete defense," which includes the affirmative of "double jeopardy" prior to trial. This Court's sua sponte ruling absent notice and an opportunity to be heard, such error surmounts to a denial of procedural due process.

D. **Defendant's right to present a complete defense was [ ] impaired when he was unable to confront "Mr. Cool."**

4.  Movant assigns error to this Court's assessment of this issue for two reasons. First, the sua sponte ruling was a denial of procedural due process, see Day, supra at 388. Second, the Court misapprehends Crawford as the predicate to "ineffective" assistance of counsel included counsel's duty to protect Movant's other rights. See United States v. Cronic, 466 U.S. 648, at 653 (1984)("Their presence is essential because they are the means through which the other rights of the person on trial are secured."). However, given the opportunity to present his position, Day, supra at 388. Movant could have corrected any misapprehensions.

5.

E.   Defendant's counsel was [ ] ineffective.

5.   Movant assigns error to the Court's errant conclusion of law for two reasons.  First, the sua sponte ruling is contrary to Day, supra at 388.  Second, the analysis is restricted to the Strickland v. Washington, 466 U.S. 668 (1984) ineffective inquiry to which the Supreme Court in Massaro v. United States, 538 U.S. 500, 501 (2001), the Supreme Court held:

> "The evidence introduced at trial, however, will be devoted to guilt or innocence issues, and the resulting record may not disclose the facts necessary to decide either prong of the Strickland analysis."

6.   Herein, with a fully developed record, Movant could have shown a Cronic violation instead of Strickland.

The July 23, 2007 Opinion and Order, usurps Movant's procedural rights 3/ by reason of its misapplying the proper governing law to the facts and errant conclusions of law.

**Wherefore,** this Court should reconsider its July 23, 2007 Opinion and Order and modify or alter its determinations.

Dated:  July 31, 2007                        Respectfully submitted,

                                             /s/ Rico McLaughlin
                                             Rico Mc Laughlin, Pro se.
                                             Reg. No. 25326-016
                                             U.S. Penitentiary Allenwood
                                             P.O. Box 3000
                                             White Deer, PA 17887-3000

---

3/   "[T]he right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions." Hamdi v. Rumsfeld, 159 L.Ed2d 578, 599 (2004).

6.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :

        Respondent,          :          **Crim. Action No. 96-0045(PLF)**

   v.          :

RICO MC LAUGHLIN,          :          **Civil Action No. 07-0705(PLF)**

        Pro se-Movant.      :

---

**Affidavit In Support of Motion To Make Additional Findings of Fact to Modify or Alter July 23, 2007 Opinion and Order.**

---

To:   The Honorable Paul L. Friedman, U.S. District Judge:

Pro se-Movant, Rico Mc Laughlin, named in the above captioned-hereinafter, "Affiant," do declare by deposing under the penalty of perjury, 28 U.S.C. § 1746 and 18 U.S.C. § 1621, that the statement in the attached motion to make additional findings ...", are true and correct to the best of my knowledge and understanding.  I further state:

    1.   Affiant believes that he is entitled to redress of the sua sponte ruling of this Court on July 23, 2007, which deprived Affiant of procedural due process apart from the merits of his substantive assertions.

    I, Rico Mc Laughlin, do attest to the above on this 31st day of July 2007.

Dated: July 31, 2007                    Respectfully submitted,

*Rico McLaughlin*
Rico Mc Laughlin, Affiant.
Reg. No. 25326-066
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000

2.

# PROOF OF SERVICE

I certify that on July 31, 2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Henry Kapp Kopel AUSA
U.S. Attorney's Office
Judicary Center Building
555 Fourth Street, N.w.
Room 5237
Washington, DC 20530

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to filed with this Court:

I certify that this document was given to prison officials on 7-31-07 (date) fo forwarding to the Court. I certify under penalty of perjury that the foregoing is tr and correct. 28 U.S.C. §1746.

_Rico Mc Laughlin_
Signature

Rico Mc Laughlin, Pro se.
Reg. No. 25326-016
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887-3000

Dated: July 31, 2007

Psv 09/05

7